13-3589-cv
*Barbara v. MarineMax, Inc.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of August, two thousand fourteen.

PRESENT:   JOSÉ A. CABRANES,
                    DENNY CHIN,
                    RAYMOND J. LOHIER, JR.,
                               *Circuit Judges.*

───────────────────────────────

PAUL BARBARA, DIANE KENNEY, ANGELA CHIANESE, MATTHEW BARBARA,

           *Plaintiffs-Appellants,*

                    v.                                                      No. 13-3589-cv

MARINEMAX, INC.,

           *Defendant-Appellee,*

WILLIAM H. MCGILL, JR., MICHAEL H. MCLAMB, MICHAEL AIELLO, ROBERT KANT,

           *Defendants.*<sup>*</sup>

───────────────────────────────

─────────────

<sup>*</sup> Plaintiffs clarified in their reply brief that they are not appealing the District Court's grant of summary judgment with respect to defendants William H. McGill, Jr., Michael H. McLamb, Michael Aiello, and Robert Kant. Reply Br. 1 n.1. Accordingly, the Clerk of Court is respectfully directed to amend the official caption in this case to conform with the caption above.

FOR PLAINTIFFS-APPELLANTS:       PETER R. GINSBURG, Peter R. Ginsberg Law, LLC, New York, NY.

FOR DEFENDANT-APPELLEE:       DAVID G. JANUSZEWSKI (John A. Eakins, Cahill Gordon & Reindel LLP, New York, NY; Paul C. Gluckow, Leigh Wasserstrom, Simpson Thacher & Bartlett LLP, New York, NY, *on the brief*), Cahill Gordon & Reindel LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Allyne R. Ross, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiffs Paul Barbara, Diane Kenney, Angela Chianese, and Matthew Barbara (jointly, the "Barbaras") appeal from the District Court's August 23, 2013 entry of summary judgment in favor of defendant-appellee MarineMax, Inc. ("MarineMax"). On appeal, we consider whether the District Court properly held that there was no genuine dispute of material fact as to whether MarineMax breached the duty of good faith and fair dealing. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a grant of summary judgment *de novo*, viewing the facts "in the light most favorable to the non-moving party and draw[ing] all reasonable inferences in that party's favor." *Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 271 (2d Cir. 2011). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Under New York law, the implied covenant of good faith and fair dealing provides that "neither party to a contract shall do anything which has the effect of destroying or injuring the right of the other party to receive the fruits of the contract." *M/A-COM Sec. Corp. v. Galesi*, 904 F.2d 134, 136 (2d Cir. 1990). In determining whether a party has breached the covenant of good faith and fair dealing, "a court must examine not only the express language of the parties' contract, but also any course of performance or course of dealing that may exist between the parties." *Tractebel Energy Mktg., Inc. v. AEP Power Mktg., Inc.*, 487 F.3d 89, 98 (2d Cir. 2007) (internal quotation marks omitted). "Since there is a presumption that all parties act in good faith, the burden of proving a breach of the covenant of good faith and fair dealing is on the person asserting the absence of good faith." *Id.* (internal quotation marks and brackets omitted).

After *de novo* review of the record and relevant case law, we conclude that the District Court properly granted summary judgment in favor of MarineMax substantially for the reasons stated in its August 22, 2013 opinion. With regard to plaintiffs' potential private sale of restricted securities to Bear Stearns, the District Court correctly determined that it need not address whether the so-called Section 4(1½) exemption would have permitted the sale because there was no genuine dispute of material fact as to whether MarineMax breached the duty of good faith. The record shows that MarineMax's outside counsel, Robert Kant ("Kant"), had discussed with plaintiffs their request that he approve the sale on October 23, 2006. Thereafter, Kant was unresponsive to plaintiffs' communications for a period of six business days—from October 23, 2006 through October 31, 2006—after which there is no evidence that plaintiffs made any further attempt to contact Kant until nearly two months later, on December 20, 2006. Kant replied on December 26, 2006, ultimately approving the sale on January 4, 2007. On this record, taken as a whole, a rational trier of fact could not find that MarineMax acted in bad faith. Accordingly, MarineMax was properly entitled to judgment as a matter of law.[1]

The District Court also properly granted summary judgment in favor of MarineMax regarding the public sale. It is undisputed that plaintiffs' shares were re-registered in their individual names by February 22, 2007—well before the one-year holding period for their restricted securities expired on April 1, 2007. As a result, any alleged delay by MarineMax in assisting the re-registration did not "injur[e]" or "destroy[]" plaintiffs' ability to sell the shares publicly. *M/A-COM*, 904 F.2d at 136. Nor is it genuinely disputed that plaintiffs did not submit a written request to Kant to approve a public sale until August 2009, after which Kant promptly provided the requisite opinion letters and plaintiffs sold their stock. The contract between the parties clearly mandated that "[a]ll notices, requests, demands, and other communications required or permitted under this Agreement shall be in writing." Accordingly, MarineMax was also entitled to judgment as a matter of law regarding the public sale.

We have considered all of the arguments raised by plaintiffs on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the District Court's August 23, 2013 judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] Indeed, plaintiffs' counsel informed us at oral argument that there was no evidence in the record of bad faith regarding the private sale other than delay, and that plaintiffs' counsel was aware of no cases holding that delay alone could constitute bad faith.